UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on June 6, 2025

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ULISES E. CONTRERAS,<br>  also known as Ulises E. Contreras Ortiz,<br><br>KARIN L. CONTRERAS,<br>  also known as Karin L. Contreras Ortiz,<br><br>ESDRA N. CASTILLO,<br>  also known as Esdra N. Castillo Felipe,<br><br>MANUEL DE LA CRUZ CONTRERAS,<br>  also known as Manuel Domingo De La Cruz Contreras and Emanuel Morales Candelaria,<br><br>Defendants. | CRIMINAL NO.<br><br>GRAND JURY ORIGINAL<br><br>VIOLATIONS:<br><br>18 U.S.C. § 1349 (Conspiracy to Commit Wire Fraud)<br><br>18 U.S.C. § 1341 (Mail Fraud)<br><br>18 U.S.C. § 1343 (Wire Fraud)<br><br>18 U.S.C. § 371 (Conspiracy to Commit Unauthorized Access Device Fraud)<br><br>18 U.S.C. § 1029(a)(2) (Unauthorized Access Device Fraud)<br><br>18 U.S.C. § 1028A(a)(1) (Aggravated Identify Theft)<br><br>FORFEITURE ALLEGATION:<br>18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B); 21 U.S.C. § 853(p); 28 U.S.C. § 2461(c) |

## INDICTMENT

The Grand Jury charges that:

At times material to this indictment:

### BACKGROUND

1.  Defendant ULISES E. CONTRERAS, also known as Ulises E. Contreras Ortiz, resided in the District of Columbia.

2. Defendant KARIN L. CONTRERAS, also known as Karin L. Contreras Ortiz, resided in the District of Columbia.

3. Defendant ESDRA N. CASTILLO, also known as Esdra N. Castillo Felipe, resided in the District of Columbia.

4. Defendant MANUEL DE LA CRUZ CONTRERAS, also known as Manuel Domingo De La Cruz Contreras and Emanuel Morales Candelaria, resided in Maryland.

5. Individual One was a minor child of KARIN L. CONTRERAS and resided in Washington, D.C.

6. On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act ("CARES ACT") was signed into law. The CARES Act created the Pandemic Unemployment Assistance ("PUA") program, which provided unemployment benefits to individuals not eligible for regular unemployment compensation or extended unemployment benefits.

7. The CARES Act also provided for an emergency increase in unemployment compensation benefits, referred to as Federal Pandemic Unemployment Compensation ("FPUC"). The President authorized the FEMA Administrator to provide grants to participating states, territories, and the District of Columbia to administer delivery of lost wages assistance ("LWA") to those receiving unemployment insurance.

8. The PUA and FPUC programs ended in September 2021.

9. The PUA, FPUC, and LWA programs were administered by various State Workforce Agencies, but those programs' benefits were funded by the federal government, with program administration and oversight by the U.S. Department of Labor and/or the U.S. Department of Homeland Security. The State of Maryland managed its unemployment insurance ("UI") compensation program through the Maryland Department of Labor ("MD DOL").

10. An individual applying for Maryland UI benefits online had to submit several categories of personal identifying information ("PII"). Claimants also certified that they had their hours reduced by their employer or had been separated from employment altogether, including during operation of the PUA program, due to business closures or other reasons related to COVID-19.

11. Applicants could choose whether to have the MD DOL deposit their unemployment benefits directly into a linked bank account specified by the claimant or loaded onto a prepaid debit card provided by Bank of America, which was shipped to the applicant via the United States Postal Service to the physical address listed on the application. Prepaid cards were reloaded with newly dispersed funds via electric transfers using the internet.

12. Bank of America operated Automatic Teller Machines ("ATMs") nationwide, including in the District of Columbia.

**COUNT ONE**
**(Conspiracy to Commit Wire Fraud)**

13. Paragraphs 1 through 12 are incorporated here.

14. Beginning no later than June 2020, and continuing through in or about March 2021, within the District of Columbia and elsewhere, ULISES E. CONTRERAS, KARIN L. CONTRERAS, ESDRA N. CASTILLO, and MANUEL DE LA CRUZ CONTRERAS, with others known and unknown to the Grand Jury, knowingly and willfully conspired, combined, confederated, and agreed to commit wire fraud by devising, intending to devise, and engaging in a scheme to defraud and to obtain money and property from the state of Maryland, by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute the scheme to defraud, knowingly caused to be transmitted

by means of wire communications in interstate commerce signals in violation of Title 18, United States Code, Section 1343.

## The Object of the Conspiracy

15. The object of the conspiracy was for the conspirators to unjustly enrich themselves by fraudulently obtaining UI benefits.

## Manner and Means of the Scheme and Artifice to Defraud

16. Members of the conspiracy used the following manner and means, among others, to accomplish the object of the conspiracy:

   a. ULISES E. CONTRERAS caused fraudulent unemployment claims to be submitted to MD DOL. Claims included the submission of names and PII for individuals who did not live or work in the District of Columbia metropolitan area, such as C.Y., P.S., V.T., and D.S.

   b. ULISES E. CONTRERAS and KARIN L. CONTRERAS received prepaid debit cards in the District of Columbia that Bank of America mailed on behalf of MD DOL.

   c. ULISES E. CONTRERAS, KARIN L. CONTRERAS, ESDRA N. CASTILLO, MANUEL DE LA CRUZ CONTRERAS, and others used the prepaid debit cards to withdraw thousands of dollars from Bank of America ATMs.

(Conspiracy to Commit Wire Fraud, in violation of
Title 18, United States Code, Section 1349)

## COUNTS TWO THROUGH FOUR
(Mail Fraud)

17. Paragraphs 1 through 12 and 15 through 16 are incorporated here.

18. On or about the dates set forth below as to each count, in the District of Columbia, ULISES E. CONTRERAS and KARIN L. CONTRERAS, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud and to obtain money and property from the State of Maryland by means of materially false and fraudulent pretenses,

representations, and promises, knowingly caused to be delivered by the United States Postal Service according to the direction thereon, prepaid Bank of America debit cards, to 1206 Howison Place, S.W., in Washington D.C.

| Count | Date Mail was Delivered | Name on Debit Card |
|---|---|---|
| Two | Between on or about July 8, 2020, and July 14, 2020 | P.S. |
| Three | Between on or about July 8, 2020, and July 14, 2020 | D.S. |
| Four | Between on or about July 8, 2020, and July 14, 2020 | V.T. |

**(Mail Fraud, in violation of<br>Title 18, United States Code, Section 1341)**

**COUNTS FIVE THROUGH THIRTEEN**<br>**(Wire Fraud)**

19.   Paragraphs 1 through 12 and 15 through 16 are incorporated here.

20.   On or about the dates set forth below as to each count, in the District of Columbia, the defendants as specified below, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud and to obtain money and property from the State of Maryland by means of materially false and fraudulent pretenses, representations, and promises, knowingly caused to be transmitted by means of wire communication in interstate commerce, that is from the District of Columbia to a location outside the District of Columbia, the signals described below for each count, each transmission constituting a separate count:

| Count | Date | Defendant | Wire Transmission |
|---|---|---|---|
| Five | July 2, 2020 | MANUEL DE LA CRUZ CONTRERAS | ATM withdrawal of $1,000 using card issued in name of C.Y. |
| Six | July 7, 2020 | KARIN L. CONTRERAS | ATM withdrawal of $1,000 using card issued in name of C.Y. |

| Count | Date | Defendant | Wire Transmission |
|---|---|---|---|
| Seven | July 11, 2020 | ESDRA N. CASTILLO | ATM withdrawal of $1,000 using card issued in name of C.Y. |
| Eight | July 12, 2020 | ESDRA N. CASTILLO | ATM withdrawal of $1,000 using card issued in name of C.Y. |
| Nine | July 14, 2020 | KARIN L. CONTRERAS | ATM withdrawal of $1,000 using card issued in name of C.Y. |
| Ten | July 14, 2020 | ULISES E. CONTRERAS | ATM withdrawal of $1,000 using card issued in name of V.T. |
| Eleven | July 14, 2020 | ULISES E. CONTRERAS | ATM withdrawal of $1,000 using card issued in name of D.S. |
| Twelve | July 15, 2020 | ULISES E. CONTRERAS | ATM withdrawal of $500 using card issued in name of P.S. |
| Thirteen | July 15, 2020 | ULISES E. CONTRERAS | ATM withdrawal of $500 using card issued in name of D.S. |

(Wire Fraud, in violation of
Title 18, United States Code, Section 1343)

## COUNT FOURTEEN
(Conspiracy to Commit Unauthorized Access Device Fraud)

21. Paragraphs 1 through 12 and 15 through 16 are incorporated here.

22. Beginning no later than June 2020, and continuing through in or about March 2021, within the District of Columbia and elsewhere, ULISES E. CONTRERAS, KARIN L. CONTRERAS, ESDRA N. CASTILLO, and MANUEL DE LA CRUZ CONTRERAS, with others known and unknown to the Grand Jury, knowingly and willfully conspired, combined, confederated, and agreed to commit Unauthorized Access Device Fraud, that is, knowingly and with intent to defraud, to use an unauthorized access device and by such conduct to obtain $1,000

or more, during a one-year period, in violation of Title 18, United States Code, Section 1029(a)(2).

## OVERT ACTS

23. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the District of Columbia.

   a. On or about June 30, 2020, KARIN CONTRERAS accompanied an unknown individual when that individual withdrew $1,000 at an ATM using a prepaid debit card issued in the name of C.Y.

   b. On or about July 2, 2020, MANUEL DE LA CRUZ CONTRERAS withdrew $1,000 at an ATM using a prepaid debit card issued in the name of C.Y.

   c. On or about July 7, 2020, KARIN CONTRERAS withdrew $1,000 at an ATM using a prepaid debit card issued in the name of C.Y.

   d. On or about July 11, 2020, ESDRA N. CASTILLO withdrew $1,000 at an ATM using a prepaid debit card issued in the name of C.Y.

   e. On or about July 12, 2020, ESDRA N. CASTILLO withdrew $1,000 at an ATM using a prepaid debit card issued in the name of C.Y.

   f. On or about July 14, 2020, KARIN L. CONTRERAS withdrew $1,000 at an ATM using a prepaid debit card issued in the name of C.Y.

   g. On or about July 14, 2020, Individual One withdrew $1,000 at an ATM using a prepaid debit card issued in the name of P.S.

   h. On or about July 15, 2020, ULISES N. CONTERAS withdrew $500 at an ATM using a prepaid debit card issued in the name of P.S.

**(Conspiracy to Commit Unauthorized Access Device Fraud,
in violation of Title 18, United States Code, Section 371)**

### COUNTS FIFTEEN THROUGH NINETEEN
### (Unauthorized Access Device Fraud)

24. Paragraphs 1 through 12 and 15 through 16 are incorporated here.

25. On or about the dates set forth below as to each count, in the District of Columbia, the defendants as specified below, knowingly and with intent to defraud, used an unauthorized access device as described below, and by such conduct, from on or about June 2020, and ending in or about July 2020, obtained $1,000 or more, said use affecting interstate and foreign commerce, in that the use of the unauthorized access device caused an interstate wire:

| Count | Date | Defendant | Wire Transmission |
|---|---|---|---|
| Fifteen | July 2, 2020 | MANUEL DE LA CRUZ CONTRERAS | ATM withdrawal of $1,000 using card issued in name of C.Y. |
| Sixteen | July 12, 2020 | ESDRA N. CASTILLO | ATM withdrawal of $1,000 using card issued in name of C.Y. |
| Seventeen | July 14, 2020 | KARIN L. CONTRERAS | ATM withdrawal of $1,000 using card issued in name of C.Y. |
| Eighteen | July 14, 2020 | ULISES E. CONTRERAS | ATM withdrawal of $1,000 using card issued in name of D.S. |
| Nineteen | July 14, 2020 | ULISES E. CONTRERAS | ATM withdrawal of $1,000 using card issued in name of V.T. |

(Unauthorized Access Device Fraud, in violation of
Title 18, United States Code, Section 1029(a)(2))

### COUNTS TWENTY THROUGH TWENTY-FIVE
### (Aggravated Identity Theft)

26. Paragraphs 1 through 12 are 15 through 16 are incorporated here.

27. On or about the dates set forth below as to each count, in the District of Columbia, the defendants as specified below, knowingly transferred, possessed, and used, without lawful

authority, a means of identification of another person, as specified below, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A, that is, wire fraud, in violation of 18 U.S.C. § 1343, and conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, knowing that the means of identification belonged to another actual person as described below for each count:

| Count | Date | Defendant | Use of Name |
| --- | --- | --- | --- |
| Twenty | July 2, 2020 | MANUEL DE LA CRUZ CONTRERAS | ATM withdrawal of $1,000 using card issued in name of C.Y. |
| Twenty-One | July 12, 2020 | ESDRA N. CASTILLO | ATM withdrawal of $1,000 using card issued in name of C.Y. |
| Twenty-Two | July 14, 2020 | KARIN L. CONTRERAS | ATM withdrawal of $1,000 using card issued in name of C.Y. |
| Twenty-Three | July 14, 2020 | ULISES E. CONTRERAS | ATM withdrawal of $1,000 using card issued in name of V.T. |
| Twenty-Four | July 14, 2020 | ULISES E. CONTRERAS | ATM withdrawal of $1,000 using card issued in name of D.S. |
| Twenty-Five | July 15, 2020 | ULISES E. CONTRERAS | ATM withdrawal of $500 using card issued in name of P.S. |

**(Aggravated Identity Theft, in violation of
Title 18, United States Code, Section 1028A(a)(1))**

**COUNTS TWENTY-SIX THROUGH TWENTY-EIGHT
(Aggravated Identity Theft)**

28. Paragraphs 1 through 12 and 15 through 16 are incorporated here.

29. On or about the dates set forth below as to each count, in the District of Columbia, ULISES E. CONTRERAS and KARIN L. CONTRERAS knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, as specified below, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A, that is, mail fraud,

in violation of 18 U.S.C. § 1341, knowing that the means of identification belonged to another actual person as described below.

| Count | Date | Use of Name |
|---|---|---|
| Twenty-Six | Between on or about July 8, 2020, and July 14, 2020 | Mail Delivery of Debit Card in the name of P.S. |
| Twenty-Seven | Between on or about July 8, 2020, and July 14, 2020 | Mail Delivery of Debit Card in the name of D.S. |
| Twenty-Eight | Between on or about July 8, 2020, and July 14, 2020 | Mail Delivery of Debit Card in the name of V.T. |

**(Aggravated Identity Theft, and Aiding and Abetting and Causing an Act to be Done, in violation of Title 18, United States Code, Section 1028A(a)(1) and 2)**

### FORFEITURE ALLEGATION

1. Upon conviction of any of the offenses alleged in Counts One through Thirteen, the defendants shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendants equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

2. Upon conviction of any of the offenses alleged in Counts Fourteen through Nineteen, the defendants shall forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation, pursuant to 18 U.S.C. § 982(a)(2)(B). The United States will also seek a forfeiture money judgment against the defendants equal to the value of any property that constitutes or was derived from proceeds obtained directly or indirectly to the offense.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of a defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be divided without difficulty;

each defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p))**

A TRUE BILL

FOREPERSON

JEANINE FERRIS PIRRO
United States Attorney

By: *[signature]*
Jonathan P. Hooks
Chief, Fraud, Public Corruption, and Civil Rights